**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| JAMES V. LARSON, | |
| Plaintiff, | CIVIL COMPLAINT |
| v. | CASE NO. 1:20-cv-06454 |
| NATIONWIDE CREDIT AND COLLECTION INC., | |
| Defendant. | DEMAND FOR JURY TRIAL |

## **COMPLAINT**

NOW comes JAMES V. LARSON ("Plaintiff"), by and through his attorneys, Consumer Law Partners, LLC, complaining as to the conduct of NATIONWIDE CREDIT AND COLLECTION INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. § 1692 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C § 1692, 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant resides and transacts business within the Northern District of Illinois and the events and/or omissions giving rise to the claims made in this Complaint occurred within the Northern District of Illinois.

1

**PARTIES**

4.     Plaintiff is a consumer over 18-years-of-age residing in Kane County, Illinois, which is located within the Northern District of Illinois.

5.     Defendant is a third-party debt collector that "has been a leader in revenue collection."[1] Defendant is a corporation organized under the laws of the state of Illinois, with its principal office located at 815 Commerce Drive, Suite 270, Oak Brook, Illinois 60523. Defendant's registered agent, Gregg Minkow, is located at 123 North Wacker Drive, Suite 250, Chicago, Illinois 60606.  Defendant regularly collects upon consumers located within the state of Illinois.

6.     Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

7.     Plaintiff recently reviewed his Experian credit report and discovered four (4) entries bearing Defendant's name, reporting in an active collection status delinquent debts originally incurred to DuPage Medical Group, as seen below:

| Account name | Account number | Recent balance | Date opened | Status |
|---|---|---|---|---|
| NATIONWIDE CREDIT & COLL | 4649057 | $239 as of 10/01/2020 | 09/2018 | Collection account. $239 past due as of Oct 2020. |
| 815 COMMERCE DR STE 270 OAK BROOK, IL 60523 630 528 5100 | Type Collection | Credit limit or original amount $240 | Date of status 09/2018 | |
| Address identification number 0117392886 | Terms 1 Months | High balance $0 | First reported 01/2019 | |
| Original creditor DUPAGE MEDICAL GROUP | On record until Apr 2025 | Monthly payment $0 | Responsibility Individual | |
| | | Recent payment amount $0 | | |

---

[1] https://www.ncc.us/about.html

| Account name<br>NATIONWIDE CREDIT & COLL | Account number<br>4649058 | Recent balance<br>$62 as of 10/01/2020 | Date opened<br>09/2018 | Status<br>Collection account.<br>$62 past due as of<br>Oct 2020. |
|---|---|---|---|---|
| 815 COMMERCE DR STE 270<br>OAK BROOK, IL 60523<br>630 528 5100<br>**Address identification number**<br>0117392886<br><br>**Original creditor**<br>DUPAGE MEDICAL GROUP | **Type**<br>Collection<br>**Terms**<br>1 Months<br><br>**On record until**<br>Apr 2025 | **Credit limit or original amount**<br>$62<br>**High balance**<br>$0<br>**Monthly payment**<br>$0<br>**Recent payment amount**<br>$0 | **Date of status**<br>09/2018<br>**First reported**<br>01/2019<br>**Responsibility**<br>Individual | |

| Account name<br>NATIONWIDE CREDIT & COLL | Account number<br>513116 | Recent balance<br>$179 as of<br>10/01/2020 | Date opened<br>05/2014 | Status<br>Collection account.<br>$179 past due as of<br>Oct 2020. |
|---|---|---|---|---|
| 815 COMMERCE DR STE 270<br>OAK BROOK, IL 60523<br>630 528 5100<br>**Address identification number**<br>0125767231<br><br>**Original creditor**<br>DUPAGE MEDICAL GROUP | **Type**<br>Collection<br>**Terms**<br>1 Months<br><br>**On record until**<br>Nov 2020 | **Credit limit or original amount**<br>$179<br>**High balance**<br>$0<br>**Monthly payment**<br>$0<br>**Recent payment amount**<br>$0 | **Date of status**<br>05/2014<br>**First reported**<br>05/2014<br>**Responsibility**<br>Individual | |

| Account name<br>NATIONWIDE CREDIT & COLL | Account number<br>513130 | Recent balance<br>$149 as of<br>10/01/2020 | Date opened<br>05/2014 | Status<br>Collection account.<br>$149 past due as of<br>Oct 2020. |
|---|---|---|---|---|
| 815 COMMERCE DR STE 270<br>OAK BROOK, IL 60523<br>630 528 5100<br>**Address identification number**<br>0125767231<br><br>**Original creditor**<br>DUPAGE MEDICAL GROUP | **Type**<br>Collection<br>**Terms**<br>1 Months<br><br>**On record until**<br>Dec 2020 | **Credit limit or original amount**<br>$149<br>**High balance**<br>$0<br>**Monthly payment**<br>$0<br>**Recent payment amount**<br>$0 | **Date of status**<br>05/2014<br>**First reported**<br>05/2014<br>**Responsibility**<br>Individual | |

8.    Plaintiff also discovered that Defendant had updated its furnishing of the four accounts to Experian as recently as October 1, 2020.

9.    While Defendant indicated that two of the accounts (account numbers 4649057 and 4649058) would remain on Plaintiff's record through April 2025, Defendant communicated that account numbers 513116 (with a corresponding balance of $149.00) and 513130 (with a

corresponding balance of $149.00) (hereinafter referred to as "subject debts") would remain on Plaintiff's until November 2020 and December 2020, respectively.

10.     Plaintiff was confused by Defendant's reporting, as he did not recall owing these subject debts with varying dates.

11.     Consequently, in October 2020, Plaintiff contacted Defendant via telephone to ascertain additional information concerning the subject debts appearing on his credit report.

12.     During that conversation, Plaintiff was informed that Defendant was a debt collector attempting to collect over $1,000.00.

13.     The amount that Defendant sought to collect from Plaintiff encompassed the subject debts.

14.     Despite the fact that Plaintiff simply wanted additional information regarding the subject debts, Defendant's representative attempted to pressure Plaintiff into making a payment toward the subject debts.

15.     Plaintiff's Experian credit report reflected that the two subject debts would remain on Plaintiff's credit record through November 2020 and December 2020, respectively.  Upon information and belief, as a collection account remains on a consumer report for seven (7) years beginning from the date of first delinquency, the subject debts fell into delinquency beginning in or around December 2013.  *See* 15 U.S.C. § 1681c.

16.     The applicable Illinois statute of limitations for the subject debt states, in relevant part:

> Except as provided in Section 2-725 of the 'Uniform Commercial Code', approved July 31, 1961, as amended, and Section 11-13 of 'The Illinois Public Aid Code', approved April 11, 1967, as amended, actions on unwritten contracts, expressly or implied…shall be commenced within 5 years next after the cause of action accrued.  *See* 735 ILCS § 5/13-205.

17.     Accordingly, given the applicable five (5) year Illinois statute of limitations and the fact that the subject debt fell into delinquency in or around December 2013, as of October 2020, the date in which Plaintiff spoke with Defendant, the subject debts were time-barred debts, *i.e.*, they fell outside the applicable statute of limitations.

18.     Despite the time-barred status of the subject debts, at no point during Plaintiff's conversation with Defendant did Defendant's representative disclose or explain to Plaintiff that the subject debts were time-barred and/or that Defendant could not sue him to collect them.

19.     In addition, despite the time-barred status of the subject debts, at no point during Plaintiff's conversation with Defendant did Defendant's representative disclose or explain to Plaintiff that by paying, or even just agreeing to pay, any portion of the subject debts, or merely acknowledging the subject debts as valid, it could have the effect of resetting the applicable statute of limitations as to the entire balance of the subject debts, potentially subjecting Plaintiff to further legal liability.

20.     Rather, Defendant attempted to collect upon the subject debts and enticed Plaintiff into making payment on the time-barred subject debts.

21.     After a reasonable time to conduct discovery, Plaintiff believes he can prove that all actions taken by Defendant as described in this Complaint, *supra*, were taken willfully and/or with knowledge that its actions were taken in violation of the law.

22.     Plaintiff was misled by Defendant's statements, representations and/or omissions directed to him during his conversation with one of its representatives.

23.     Plaintiff justifiably fears that, absent this Court's intervention, Defendant will continue to attempt to collect the subject debt from him using abusive, deceptive and unlawful means, and ultimately cause him unwarranted financial harm.

24. Plaintiff has further been unnecessarily confused and concerned given Defendant's violations of law, and has further suffered a violation of his state and federally protected interests as a result of Defendant's conduct.

25. Due to Defendant's conduct, Plaintiff was forced to hire counsel and his damages therefore include reasonable attorneys' fees incurred in prosecuting this action.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

26. Plaintiff repeats and realleges paragraphs 1 through 25 as though full set forth herein.

27. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

28. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

29. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others. On its website and within its communications to consumers, Defendant identifies itself as a "debt collector" attempting to collect a "debt."  Defendant has also been a member of the Association of Credit and Collection Professionals ("ACA") since 2001.[2]

30. The subject debts are "debt[s]" as defined by FDCPA §1692a(5) as they arise out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

    a.    **Violations of the FDCPA § 1692e**

---

[2] http://www.acainternational.org/search#memberdirectory

31.     The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

32.     In addition, this section enumerates specific violations, such as:

(2) The false representation of -- (A) the character, amount, or legal status of any debt;

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. 15 U.S.C. §§ 1692e, e(2)(A) and e(10).

33.     Defendant violated 15 U.S.C. §§ 1692e, e(2)(A), and e(10) through its representations and statements directed to Plaintiff during its conversation with him by attempting to collect the subject debts despite omitting the disclosure of material information to Plaintiff regarding the subject debts' time-barred status and/or the potential legal consequences of Plaintiff paying, or agreeing to pay, upon the subject time-barred debts.

34.     Defendant knew, or should have known, that the subject debts were time-barred, but yet, Defendant failed to provide any disclosure of the same – and/or the legal implications of the same – to Plaintiff, and instead, attempted to extract payment from Plaintiff.

35.     Such representations and/or omissions served only to confuse and intimidate Plaintiff in the hopes that he would waive his rights and affirmative defenses under the law by making a payment and/or promising to make a payment.

36.     Plaintiff was unable to adequately determine the character and legal status of the subject debts based upon Defendant's representations and/or omissions directed to him during his conversation with its representative, and was likewise unable to adequately determine the potential legal consequences of making, or arranging to make, a payment on the subject debts.

37.     As an experienced debt collector, Defendant knows that its representation to consumers concerning the legal status of an alleged debt owed, and the consumer's rights under the FDCPA and/or the applicable statute of limitations, are required to be true, complete and accurate, especially when Defendant is attempting to collect upon a time-barred debt.

38.     Defendant had an obligation to accurately alert Plaintiff as to his rights with respect to the subject time-barred debts, however, Defendant skirted this obligation with deceptive and misleading representations and/or omissions.

**b.     Violations of FDCPA § 1692f**

39.     The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

40.     Defendant violated § 1692f through its unfair efforts to collect upon the subject debts.  Despite the time-barred status of the subject debts, Defendant unconscionably failed to apprise Plaintiff of this federally-mandated disclosure, as well as of the fact that it could not sue him to collect.  Defendant also failed to notify Plaintiff that by paying, or even just agreeing to pay, any portion of the subject debts, or merely acknowledging the subject debts as valid, it could have the effect of resetting the applicable statute of limitations as to the entire balance of the subject debts, potentially subjecting Plaintiff to further legal liability.  Defendant engaged in this conduct in an effort to mislead Plaintiff into making a payment and to ultimately cause him unwarranted financial harm by restarting the applicable statute of limitations.

41.     As set forth in paragraphs 22 through 25, *supra,* Plaintiff has been harmed as a result of Defendant's unlawful collection practices as described in this Complaint.

WHEREFORE, Plaintiff, JAMES V. LARSON, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Awarding any other relief as this Honorable Court deems just and appropriate.


DATED this 30th day of October, 2020.       Respectfully Submitted,


                                            */s/ Taxiarchis Hatzidimitriadis*
                                            Taxiarchis Hatzidimitriadis #6319225
                                            David S. Klain #0066305
                                            CONSUMER LAW PARTNERS, LLC
                                            333 N. Michigan Ave., Suite 1300
                                            Chicago, Illinois 60601
                                            (267) 422-1000 (phone)
                                            (267) 422-2000 (fax)
                                            teddy@consumerlawpartners.com

                                            *Attorneys for Plaintiff, James V. Larson*